Parker, J.
However reluctant we might feel in supporting a defence so inconsistent with good faith and honorable [ * 346 ] dealing, as that which is set up in this action, we * must, nevertheless, govern ourselves by the rules of law ; and if, by those rules, the plaintiff’s action cannot be maintained, he must fail, however strong his claim in equity and honor.
But, upon deliberation, we are all of opinion that the law is with the plaintiff, and that the legal effect of the advertisement is a promise to pay pro rata according to the sum restored, if part of the whole sum lost should not be regained. Any other construction would be extremely mischievous in its effects, and would, in most cases, tend to convert an honest finder of lost or stolen property into a fraudulent concealer of it. For when an honest man, in low circumstances, encouraged by an advertisement like that in the present case, and having bestowed his time and labor in searching for and restoring lost property, shall find that, by accident, or previous fraud, part of the property has disappeared, and that, by law, his diligence and fidelity are to pass wholly without reward, the temptation to convert the whole to his own use might be too strong to resist; for, in most cases, a detection would be difficult, if not impossible. It is, therefore, for the interest of the loser, and certainly tends to secure the integrity of the finder, that whenever any proportion of the property is found and actually restored, under circumstances which leave no doubt of the faithfulness and integrity of the finder, this latter should have such part of the reward which may have been offered, as will be proportionate to the property so restored.
An offer of a reward might undoubtedly be so expressed, as to exclude any apportionment; for the owner of the property may prescribe his terms for the restoration of it, he having a right to reclaim it, wherever it may be found. But where a compensation is offered in general terms, like those in the present case, (viz., two hundred dollars for the finding and restoring of a lost parcel containing bank bills,) it is consistent with honesty and fair dealing, and with the interest of the loser himself, and not inconsistent [ * 347 ] * with any principle of law, that a proportion of the *285 reward should be recovered, according to the sum actually restored. The direction at the trial was, therefore, right. (1)
As to that part of the direction, that, on the count for a quantum meruit, the jury might consider the sum mentioned in the advertisement as a rule by which to measure the damages, — if it were necessary to determine this, we see no objection to it. What is a reasonable compensation for services rendered, does not depend solely on the time expended, or the actual labor bestowed. The peculiar situation of the property, the risk in saving it, and other circumstances, may be taken into consideration. Were a man in a ship to drop a bag of money overboard, and request another, at the hazard of his life to dive for it, and it should be restored, we do not think a jury would be bound to limit the damages to the value of the time expended in rescuing it. Whatever is reasonable they may give; and it is certainly reasonable that the finder of a moiety of any property lost should receive for his labor and services a moiety of the su n, whic'i the loser himself thought a reasonable compensation for finding the whole.
Per Curiam. Let judgment be entered on the verdict.

 [There certainly was not any express agreement contained in the advertisement to pay any thing, unless all should be found and restored; nor does there seem to be any such agreement implied. — Ed.]