## FRANCIS WENTWORTH *vs.* JOSEPH DAY.

A finder of lost property, for the restoration of which the owner has offered a reward, has a lien on the property, and may retain possession of it, if, on his offer to restore it, the owner refuses to pay the reward

THIS action, which was trover for a watch, was submitted to the court on the following statement of facts :

The plaintiff lost the watch mentioned in his declaration, about the middle of October 1839, in Bradford, in the county of Essex, and put the following advertisement into the Essex Banner, a newspaper published at Haverhill in said county : " Twenty Dollars reward. Lost, upon the road from Haverhill to Brighton, about two miles from Haverhill Bridge, a gold lever watch. Whoever will return it to this office shall receive the above reward. Francis Wentworth. Oct. 12."

The watch was found, a few days afterwards, by a minor son of the defendant, who delivered it to the defendant, and he took the custody of it for his son, and very soon afterwards left it at the printing office of the Banner, in the care of the printer, with directions to deliver it to the owner, on his paying the $ 20 reward.

In the month of January 1840, the plaintiff returned to Haverhill, and on his refusing to pay the $ 20, the defendant resumed the possession of the watch, and while it was thus in his possession, the plaintiff demanded it of him, but he refused to deliver it, unless the plaintiff would pay him the $ 20 for his son. The plaintiff refused to do this, but said he would pay $ 10. The defendant refused to deliver the watch, and the plaintiff brought this action.

*E. Ames*, for the plaintiff. The question is, whether the defendant had a lien on the watch for the offered reward. A finder of lost goods, except at sea, has no lien thereon. *Binstead* v. *Buck*, 2 W. Bl. 1117. *Nicholson* v. *Chapman*, 2 H. B. 254. *Etter* v. *Edwards*, 4 Watts, 63. *Amory* v. *Flyn*, 10 Johns. 102. 2 Kent Com. (1st ed.) 290. If there was any lien, in this case, it was a special one, arising from a special

contract; and this is a kind of lien which courts are not inclined to extend. *Rushforth* v. *Hadfield*, 7 East, 228, 229. The defendant, in his offer of a reward, did not give or promise a lien. The plaintiff should have delivered the watch; and then an action might have been brought to recover the reward. *Symmes* v. *Frazier*, 6 Mass. 344.

There must be a possession of property in order to have a lien upon it. But the defendant's offer was to pay on the return of the watch and the giving up of the possession. *Chase* v. *Westmore*, 5 M. & S. 180. See also *Jones* v. *Sinclair*, 2 N Hamp. 319. 15 Petersd. Ab. 196, *& note*. *Pothonier* v *Dawson*, Holt N. P. 383. *Nightingale* v. *Withington*, 15 Mass. 272.

*Homer*, for the defendant. The defendant had a right to detain the watch until payment should be made for his services, the recompense of which had been fixed by the plaintiff before the services were rendered. The rights of these parties may be determined by a consideration of their mutual relations. The defendant is to be regarded as a bailee for hire. Here is every ingredient of a bailment for hire, except actual delivery from the plaintiff to the defendant. But there are cases, where the rights and obligations of bailor and bailee exist, without such delivery. It was formerly held, that the finder of lost goods was not responsible for any degree of negligence in keep ing them, and a distinction was taken between the responsibility of such finder and one who comes to the possession of goods by bailment. Bac. Ab. Bailment, D. Against this doctrine, however, there is an elaborate opinion of Lord Coke, in *Isaack* v. *Clark*, 2 Bulst. 312. And Mr. Justice Story, in his work on Bailments, § 87, says, there seems to be no just foundation in our law for any such distinction, as to responsibility. And in § 85, he denominates a possession by finding "a *quasi* deposit," and says, the finder seems bound to the same reasonable care of the property, as any voluntary depositary *ex contractu.* In the case at bar, it is submitted that the duties and responsibilities of the defendant were much greater than those of a gratuitous bailee. He undertook, for a sum certain, to perform

a specific service about an article mentioned and in his custody. He was not only to keep the watch, but to carry it to a place named. There was a *quasi*, if not an actual and literal *locatio operis faciendi*. When he undertook, for hire and reward, to perform the agreed service upon the plaintiff's property, he subjected himself to all the responsibilities of a bailee for hire, and became entitled to all the privileges of such bailee. One of these privileges was a lien upon the property bailed, until the agreed payment should be made. "Every bailee for hire has a lien on the thing for the amount of his compensation." Story on Bailm. § 440. S. P. Yelv. (Amer. ed.) 67 *f*, *note*.

The rules, originally laid down by the courts as to liens, were narrow and illiberal ; having apparently originated in those cases in which there was an obligation, arising out of the public employment, to receive the goods on which the service was performed, and where no price was agreed upon for the service. 2 Kent Com. (3d ed.) 634. But courts have since extended the doctrine, and now incline to favor liens. *Jacobs* v. *Latour*, 5 Bing. 132. *Green* v. *Farmer*, 4 Bur. 2221. *S. C.* 1 W. Bl. 653. *Kirkman* v. *Shawcross*, 6 T. R. 17. *Scarfe* v. *Morgan*, 4 Mees. & Welsb. 283. *Hollis* v. *Claridge*, 4 Taunt. 809. *Wolf* v. *Summers*, 2 Campb. 632.

The case of *Nicholson* v. *Chapman*, cited for the plaintiff, was decided on grounds of policy, to guard losers of property against fraud and imposition. No such grounds exist in this case, where the plaintiff voluntarily offered a reward for the restoration of his property.

SHAW, C. J. Although the finder of lost property on land has no right of salvage, at common law, yet if the loser of property, in order to stimulate the vigilance and industry of others to find and restore it, will make an express promise of a reward, either to a particular person, or in general terms to any one who will return it to him, and, in consequence of such offer, one does return it to him, it is a valid contract. Until something is done in pursuance of it, it is a mere offer, and may be revoked. But if, before it is retracted, one so far complies with it, as to perform the labor, for which the reward

is stipulated, it is the ordinary case of labor done on request, and becomes a contract to pay the stipulated compensation. It is not a gratuitous service, because something is done which the party was not bound to do, and without such offer might not have done. *Symmes* v. *Frazier*, 6 Mass. 344.

But the more material question is, whether, under this offer of reward, the finder of the defendant's watch, or the father, who acted in his behalf and stood in his right, had a lien on the watch, so that he was not bound to deliver it till the reward was paid.

A lien may be given by express contract, or it may be implied from general custom, from the usage of particular trades, from the course of dealing between the particular parties to the transaction, or from the relations in which they stand, as principal and factor. *Green* v. *Farmer*, 4 Bur. 2221. In *Kirkman* v. *Shawcross*, 6 T. R. 14, it was held, that where certain dyers gave general notice to their customers, that on all goods received for dying, after such notice, they would have a lien for their general balance, a customer dealing with such dyers, after notice of such terms, must be taken to have assented to them, and thereby the goods became charged with such lien, by force of the mutual agreement. But in many cases the law implies a lien, from the presumed intention of the parties, arising from the relation in which they stand. Take the ordinary case of the sale of goods, in a shop or other place, where the parties are strangers to each other. By the contract of sale, the property is considered as vesting in the vendee ; but the vendor has a lien on the property for the price, and is not bound to deliver it, till the price is paid. Nor is the purchaser bound to pay, till the goods are delivered. They are acts to be done mutually and simultaneously. This is founded on the legal presumption, that it was not the intention of the vendor to part with his goods, till the price should be paid, nor that of the purchaser to part with his money, till he should receive the goods. But this presumption may be controlled, by evidence proving a different intent, as that the buyer shall have credit, or the seller be paid in something other than money.

In the present case, the duty of the plaintiff to pay the stipulated reward arises from the promise contained in his advertisement. That promise was, that whoever should return his watch to the printing office should receive twenty dollars. No other time or place of payment was fixed. The natural, if not the necessary implication is, that the acts of performance were to be mutual and simultaneous : the one to give up the watch, on payment of the reward ; the other to pay the reward, on receiving the watch. Such being, in our judgment, the nature and legal effect of this contract, we are of opinion that the defendant, on being ready to deliver up the watch, had a right to receive the reward, in behalf of himself and his son, and was not bound to surrender the actual possession of it, till the reward was paid ; and therefore a refusal to deliver it, without such payment, was not a conversion.

It was competent for the loser of the watch to propose his own terms. He might have promised to pay the reward at a given time after the watch should have been restored, or in any other manner inconsistent with a lien for the reward on the article restored ; in which case, no such lien would exist. The person restoring the watch would look only to the personal responsibility of the advertiser. It was for the latter to consider, whether such an offer would be equally efficacious in bringing back his lost property, as an offer of a reward secured by a pledge of the property itself ; or whether, on the contrary, it would not afford to the finder a strong temptation to conceal it. With these motives before him, he made an offer, to pay the reward on the restoration of the watch ; and his subsequent attempt to get the watch, without performing his promise, is equally inconsistent with the rules of law and the dictates of justice.

The circumstance, in this case, that the watch was found by the defendant's son, and by him delivered to his father, makes no difference. Had the promise been to pay the finder, and the suit were brought to recover the reward, it would present a different question. Here the son delivered the watch to the father, and authorized the father to receive the reward for him

If the son had a right to detain it, the father had the same right, and his refusal to deliver it to the owner, without payment of the reward, was no conversion.

*Judgment for the defendant*