Ryer *v.* Stockwell.

## RYER *v.* STOCKWELL.

An agreement, by one who has lost property by fire or theft, to pay a certain sum to any one who will secure the arrest and conviction of the criminal, is not a *nude pact;* but may be enforced by a person performing the service.

In such cases, the offer of a reward or compensation by public advertisement, either to a particular person or class of persons, or to any and all persons, is a conditional promise; and if any one to whom such offer is made shall perform the service before the offer is revoked, such performance is a good consideration, and the offer becomes a legal and binding contract. Until performance, the offer may be revoked at pleasure.

Such advertisements, upon acceptance of their terms and performance of the services, become written contracts.

Where the reward was for such information as would lead to the arrest and conviction of the criminal, there could be no claim for the money until trial and conviction. The Statute of Limitations begins to run from that time, and the limitation would be four years, as on a written contract.

APPEAL from the Fifth District.

A demurrer was put in, that the complaint did not state a cause of action; and, that the cause of action did not accrue within two years. The Court below sustained the demurrer, and plaintiff appeals.

*Booker & Bridges,* for Appellant, argued: that the limitation applicable to this case is four years; because, the offer in the newspaper, and its acceptance by plaintiff, together with performance of the service, constituted a written, and not a verbal, contract.

*Baine & Bouldin,* for Respondent.

1. The Statute of Limitations did not begin to run with the instrument sued on, for the reason, that this instrument is not a contract, or an agreement, or an obligation, within the law. It was a proclamation, and not a contract.

2. The demurrer was rightly sustained for another reason: the plaintiff, having done no more than the law requires of every citizen to do, cannot entitle himself to any reward, unless he lays some special matter of fact foundation, which is, in its nature beyond the ordinary duty which law, morals, and reason, require of every good citizen.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This action is brought to recover the amount of a certain reward offered by the defendant for information that would lead to the arrest and conviction of the person or persons who set fire to the defendant's house, in the north part of the city of Stockton, on the morning of the 18th of June, 1856. This reward was offered by publication in a newspaper. The complaint after setting out this publication, charges that the plaintiff saw and read the notice, and proceeded on the faith of it to institute inquiries and investigations with regard to the persons who set fire to the house of defendant, and did detect the criminal and gave information to the proper authorities to wit: a Justice of the Peace of the county and to the District Attorney; which information led to the arrest and conviction of one Callahan, on an indictment preferred against him for the crime of arson in the second degree. The prisoner was, in Jan. 1857, convicted in the District Court of San Joaquin. The complaint avers a demand on defendant for the reward on the 24th June, 1857, the time of making complaint before the Justice, and on the 19th day of March, 1859. The suit was brought on the 21st of March, 1859. The defendant demurred to this complaint, and the demurrer was sustained. Afterward the plaintiff amended his complaint by leave, and this pleading was also demurred to; but it is not necessary to notice it, as it presents no new features.

1. The grounds of demurrer were, that this agreement is a nude pact, the plaintiff being bound to render the services, as a good citizen, without reward, and therefore cannot claim any, though specially promised it. But this position is not tenable. The defendant had a special interest in procuring this intelligence and evidently designed to furnish extraordinary inducements to the discovery of the facts; and the complaint alleges that the

plaintiff put himself to extraordinary trouble to procure them. It can hardly be said that every citizen is bound, however meritorious the task may be, to quit his own business, and devote his time to the discovery of crime and bringing criminals to justice. Nor, that if a man who has lost his property agrees to give another a sum of money to go with him to discover or arrest the thief and recover the goods, he is not bound to pay that other if the latter performs the service.

2. The next objection is, that this claim is barred by the Statute of Limitations. We agree with the counsel for the Respondent, that this paper on its face is not a written contract. It lacks mutuality. The plaintiff was no party to it. It is a mere proposition. But it may become a contract. It offers a given compensation for particular services, and invites the rendering of those services. Just as if a man were publicly to advertise that he would give any workman certain wages for doing work on his premises; if a workman, seeing the proposition, should go on and do the work, and, especially, if the advertiser received the benefit of it, we apprehend that no one would dispute that he could sue and recover. The services would, in such case, be rendered at the instance, and by the request, of the employer, and he would be responsible for the price. (See 11 Mass. 31; 14 Id. 172, for cases in which the obligation of payment for services is implied from much slenderer material.)

This precise question arose in the case of *Freeman* v. *The City of Boston*, reported in 5 Metcalf, 56. The Mayor and Aldermen of the city of Boston passed an order that a reward of five hundred dollars be offered to any person who shall give information so that any person shall be convicted of setting fire to any building for the purpose of burning the same. An advertisement was inserted in the city newspapers which were published the next morning after the order was passed, reciting that sundry houses and other buildings had recently been set on fire, and offering a reward of five hundred dollars to any person who should give information, so that any perpetrator of these outrages shall be convicted. Shaw, J. said in delivering the opinion of the Court: "This is an action of assumpsit against the city of Boston, to recover a reward of five hundred dollars, for giving information of persons who had been guilty of setting fire to dwelling-houses.

The plaintiff claims this on the ground, that after the offer of a reward by the Mayor and Aldermen, in the manner hereinafter stated, he gave such information as to lead to the detection, trial, and conviction, of one Russell and one Crockett.

The principle on which the action is brought is now well settled. It is this: The offer of a reward or compensation, either to a particular person or class of persons, or to any and all persons, is a conditional promise; and if any one to whom such offer is made shall perform the service before the offer is revoked, such performance is a good compensation, and the offer becomes a legal and binding contract. Of course, until the performance, the offer of a reward is a proposal merely, and not a contract; and, therefore, may be revoked at the pleasure of him who made it. A leading case on the subject of an action on the offer of a reward by public advertisement, is *Symmes* v. *Frazier*, (6 Mass. 344.) So in *Loring* v. *The City of Boston*, (7 Met. 411,) which was a suit of the same general character. The same eminent Judge said: " There is now no question of the correctness of the legal principle on which this action is founded. The offer of a reward for the detection of an offender, the recovery of property, and the like, is an offer or proposal on the part of the person making it, to all persons, which any one capable of performing the service may accept at any time before it is revoked, and perform the service; and such offer on one side, and acceptance and performance of the service on the other, is a valid contract, made on good consideration, which the law will enforce. That this principle applies to the offer of a reward to the public at large, was settled in the case of *Symmes* v. *Frazier*, (6 Mass. 344,) and has been frequently acted upon, and was recognized in the late case of *Wentworth* v. *Day*, (3 Met. 352.) (See, also, *Gilmore* v. *Lewis*, 12 Ohio, 281.) The same doctrine is held in England. (See *England* v. *Davidson*, 11 A. & E. 856; *Lancaster* v. *Walsh*, 4 M. & W. 16; *Williams* v. *Cowardine*, 4 B. & Al. 621; Chitty on Cont. 474, Note 8.)

3. It has been seen that this reward was not offered merely for information, but for such information as would be sufficient to convict the criminal. This could only be determined by the event of the trial; and before trial and conviction, the plaintiff would have no claim on defendant for the money. It seems,

that the trial took place and conviction was had in January, 1857—if there be not some mistake in the dates as given in the transcript. The question, then, as to the Statute of Limitations is, when did it commence running, and what period applies? There is no doubt, that the statute did not begin to run until the conviction of the felon. The statute (Wood's Digest, 47, Sec. 17) provides, that an action or liability founded upon an instrument of writing, except, etc. shall be brought within four years after the accrual of the cause of action.

This was, therefore, according to these authorities, a contract in writing, upon the acceptance of the terms of it by the plaintiff and his performance of the services. The action is really founded on this written contract, though extrinsic parol facts be necessary to give it effect as a cause of action—as is the case in suits on warranties, conditional agreements, and various other written instruments. Since the acceptance four years have not transpired, nor, of course, since the conviction.

It follows, that the lower Court erred in sustaining the demurrer.

Judgment reversed and cause remanded.