## HAWK v. MARION COUNTY.

1. **Reward: POWER OF COUNTIES TO OFFER.** It is not within the power of a county to offer a reward for the arrest of persons charged with the commission of a crime, but the board of supervisors may offer a reward for the recovery of money which has been stolen from the county.

2. ———: ———: **PRO RATA PAYMENT.** Where a portion of the stolen money has been recovered, the party through whose agency the recovery has been effected is entitled to a *pro rata* share of the reward.

3. ———: ———: **RATIFICATION.** The fact that the board were not in session when they determined to offer the reward would not defeat the right of the party entitled thereto, if by their subsequent acts they ratified the offer.

*Appeal from Marion District Court.*

THURSDAY, JUNE 6.

THE treasury of the defendant was robbed, and, as plaintiff claims, a reward was offered by the defendant for the arrest and conviction of the thieves, and an additional amount for the recovery of the money stolen. A demurrer to the petition having been sustained, the plaintiff appeals.

*Geo. W. Seevers* and *Bryan & Russell*, for appellant.

*Anderson & Gamble*, for appellee.

SEEVERS J.—I. The plaintiff claims to have procured the arrest and conviction of one of the thieves, and to have

1. REWARD: power of counties to offer.

recovered or given such information as led to the recovery of a portion of the stolen money, and claims a *pro rata* share of the reward. This is resisted by the defendant on the ground the board of supervisors had no power or authority to offer the reward. There is no statute which expressly or by necessary implication imposes upon counties any duty in respect to the arrest of persons charged with crime. The purposes for which money belonging to a county may be expended are defined, in a great measure at least, by statute, and the expenditure must be for some legitimate purpose, connected with the county government, unless there is a statute authorizing it for a different purpose. The only manner counties can procure means to pay such rewards is by taxation, and the people of one county, as distinguished from the people of the State, have no such special interest in the arrest and conviction of criminals as will authorize the levy of taxes to pay such an expense, in the absence of a statute authorizing or imposing it.

It is the duty, primarily, of the State to cause the arrest and conviction of criminals, in the performance of which the State makes use of such officers and agencies as it sees proper,

and, if the General Assembly saw proper, there is no doubt a duty in respect thereto could be legitimately imposed on counties. But instead of doing so, the statute expressly authorizes the Governor, in certain specified cases, to offer a reward for the apprehension of persons charged with the crimes of murder or arson. Code, § 58.

The statutes in Maine as to the power of towns, in this respect, are much like ours as to counties, and there also the Governor is authorized to offer rewards in certain cases. It was held in *Gale v. South Berwick*, 51 Maine, 194, that towns in that State had no power to offer rewards for the arrest of criminals. Such seems, also, to be the rule in Illinois. *County of Crawford v. Spermey*, 21 Illinois, 288. But a contrary rule was adopted in *The Borough of York v. Forscht*, 23 Penn. St., 391, on the ground that the burgesses of the borough were a part of the public police. *Jarwin v. Exeter*, 48 N. H., 83, is not applicable, because the power in that State is conferred by statute, and such is true as to *Crabshaw v. Rosberry*, 7 Gray, 374.

But, as to the power to offer a reward for the recovery of the money stolen, we think a different rule must prevail, and that to this extent the demurrer should have been overruled.

Counties are bodies corporate for civil and political purposes, and "may acquire and hold property, and make all contracts necessary or expedient for the management, control, and improvement of the same." Code, § 279.

Within the limits conferred by statute, the boards of supervisors have the same authority and power as to counties as that possessed by the General Assembly for the State at large, the essential difference being that the constitution of the State is prohibitory, and defines what the General Assembly may not do, while, as to counties, the authority of the board of supervisors must be found in the statute in express words, or by fair implication.

Such boards have full control of county property, and the care and management thereof. Code, § 303, sub-div. 11.

They levy taxes for the purpose of defraying the expenses of the county government, and within the maximum fixed by law they are the exclusive judges of 'the necessities of the counties in this respect. Code, § 796.

Such being their duties, by necessary implication they are authorized, we think, to offer a reward for the recovery of money belonging to their several counties which has been stolen. If they cannot do so, then no such power exists. If the stolen money should not be recovered, a similar amount must be raised by taxation. Now, if the money can be obtained by offering a reward, the board has not only the power, but, we think, would be remiss in their duty should they fail to do so, if such, in their judgment, was the only or better way to recover the money.

If no such power exists, then, if advised the stolen money was probably on deposit in some distant place, they would not have the power to pay the expenses of any one to go to such place, identify the money, and return it to the county treasury.

Of necessity, it seems to us, this power must exist; otherwise, when a county treasury is robbed, the county authorities must fold their hands and remain passive until the thief repents and voluntarily returns the money, or rely on the exertions of the individual citizen to work and labor for the recovery of the money, without hope of pay or pecuniary reward. If the latter discovered the money under such circumstances, the temptation to divide with the thief, instead of the county, would be great.

We have been referred by counsel to *Webster County v. Taylor*, 19 Iowa, 119; *Soper v. Henry County*, 26 Id., 264; *Reichard v. Warren County*, 31 Id., 381, and *Long v. Boone County*, 36 Id., 60. But none of those cases have any application to the case at bar.

II. It is objected that the payment of the reward was conditional on the arrest and conviction of the thieves, and the recovery of the *whole* amount of money stolen. Such amount

was *about* twelve thousand dollars, and the reward offered was "five thousand dollars for the arrest and final conviction of the thieves," and "five thousand dollars additional reward will be paid for the recovery of the money." It will be seen the reward offered for the recovery of the money is in no respect conditional on the arrest of the thief. They are wholly separate and distinct, and in this respect entirely different from the terms and conditions upon which the reward was payable in *Jones v. Phœnix Bank*, 38 N. Y., 228, cited by the appellee.

It is also insisted, as the plaintiff only claims to have recovered or given information which led to the recovery of a portion of the money, he is not entitled to recover a *pro rata* share of the reward. In *Symmes v. Frazer*, 6 Mass., 344, this question is expressly ruled against the appellee. In the present case, the amount stolen was uncertain; that is, the exact amount, we suppose, was not known. But, conceding it to have been exactly twelve thousand dollars, the position of the appellee amounts to this: If eleven thousand nine hundred and ninety-nine dollars had been recovered, no portion of the reward offered was payable, as was held in the Massachusetts case cited. We do not think this is a fair construction of the proposition. It was not so understood by the board of supervisors, because they paid the plaintiff a *pro rata* share of the reward for the recovery of another portion of the money than that now sued for.

III. It is insisted the board of supervisors were not in session when the reward was offered, or rather when they determined to offer it. But we regard it as too clear for serious controversy that they, afterward, and while in session, ratified and confirmed what had been done. This they had the power to do; for it was competent for them to ratify and make obligatory from the beginning any act irregularly done, which they, as an original proposition, had the authority to do.

Hawk v. Marion County.

In consequence of the reward offered, as it sufficiently appears from the petition, the plaintiff accepted the offer and undertook the recovery of the money, and after this, and perhaps after the plaintiff had done all he claims toward the recovery of the money, the acts of ratification took place. But this can make no difference, for both parties were acting in entire good faith, and the plaintiff had given information, as he claims, which led to the recovery of the money, relying, as he had the right to do, on the good faith of the defendant to pay the reward if he showed himself entitled thereto. The case of *Fetch et al. v. Snedaker*, 38 N. Y., 248, is not in point, because in that case the reward was offered to any person who should give information which would lead to the "apprehension and conviction" of the criminal, and the plaintiffs had no knowledge of the reward at the time they gave information which led to the arrest; and, as to the conviction, it was held that one who gave no information until after the arrest was not entitled to the reward.

Having determined the board had the requisite power, the amount of the reward, in the absence of fraud, was wholly within their discretion. Without enlarging on the question, we are of opinion the matters stated in the petition entitle the plaintiff to recover. Whether he gave such information as to entitle him to the reward is a question for the jury, under the instructions of the court.

REVERSED.