Cunningham v. Fiske.

[No. 1092, January 26, 1906.]

WILLIAM P. CUNNINGHAM, et al., Plaintiffs in Error, v. EUGENE A. FISKE, Defendant in Error.

### SYLLABUS.

1. The power of the district courts to permit amendments of the pleadings is discretionary, except as limited by statute, and it was not an abuse of discretion to overrule a motion to amend the complaint in the case at bar, under the circumstances stated in the opinion.

2. An allegation in the complaint that the plaintiffs on June 1, 1893, "discovered" the murderers for' the "discovery" ʼf whom the reward was offered which they seek to recover this action, fixed the time at which their cause of action ..ccrued.

3. An offer of a reward by publication, for the "discovery of all or any one of the parties concerned in" a certain murder, becomes a valid contract between the offerers and those who accept it by performance upon the discovery required; but it does not become a "contract in writing" within the meaning of those words in section 2915 of the Compiled Laws of 1897.

Error from the district court of Santa Fe county, before JOHN R. McFIE, Associate Justice. Affirmed.

A. B. RENEHAN, for plaintiffs in error.

Discovery in the sense of the reward is the making certain of the fact of guilt by verdict.

> Ryer v. Stockwell, 14 Calif. 134; Wood on Limitations, Sec. 119; Angell on Limitations, Sec. 115.

The purpose of conviction is to ascertain the fact of detection.

> Borough of York v. Foscht, 23 Pa. St. 391; Nason v. Staples, 48 Me. 127; Commonwealth v. Richards, 17 Pick. 296.

Conviction is the verdict returned against an accused. by the jury which ascertains and publishes the fact of his guilt.

Commonwealth v. Lockwood, 109 Mass. 325; Blaufus v. People, 69 N. Y. 109; Commonwealth v. Gorham, 99 Mass. 420; United States v. Watkins, 6 Fed. Rep. 152.

The offer of a reward upon acceptance of its terms, and performance of the services, becomes a written contract.

Ryer v. Stockwell, Supra.; Furman v. Parke, 21 N. J. L., 310; Hoboken v. Bailey, 36, N. J. L. 493.

The fact that the acceptance and performance of the contract must be proved by parole does not militate against its being a written contract.

Hart v. Otis, 41 Ill. App. 431; Ames v. Moir, 22 N. E. 535; Beckwith v. Talbot, 95 U. S. 292; Plumb v. Campbell, 129 Ill. 101; Shaw v. Smith, 150 Mass. 106; See also, Wilkinson v. Johnston, 18 S. W. 746; Galveston H. & S. A. Ry. v. Johnson, 11 S. W. 11; Gray v. Smith, 76 F. 533; Towle v. Coal Company, 99 Calif. 397; Wood on Limitations, Sec. 119, p. 300.

If a contract depends upon a contingency or a condition, the contingency must happen or the condition be performed before it is enforceable, that is before the statute of limitations will begin to run.

19 Ency. Law, 2nd Ed. p. 193.

This is not a unilateral contract.

Bloom v. Hazzard, 104 Calif. 310.

A general offer of reward to the public becomes a contract upon acceptance by performance.

9 Cyc. 225; McCarthy v. Land Co., 111 Calif. 328.

In civil cases, where the establishment of a crime is requisite, to their maintenance the presumption of innocence exists.

22 Ency. Law (2nd Ed.) 1282; 1 Beach on Contracts, Sec. 35 and 14.

At its first promulgation an offer need not be made to any specific person. It may be made generally and left

Cunningham v. Fiske.

open, so that any one accepting it is the one contracted with. Certainly such contracts are written.

> Furman v. Parks, 21 N. J. L. 310; and other authorities herein before cited.

As to the effect which should be given to the word discovery.

> Marbury v. McCormick, 23 Kan. 38.

The court abused its discretion, under the statute, in its refusal of leave to amend the complaint.

> Bremen Mining and Milling Company v. Bremen, 79 Pac. 806.

The admissions of a party in relation to a question of law are not admissible in evidence.

> 1 Ency. Law (2nd Ed.) p. 714 and Ca. Ci.; Crockett v. Morrison, 11 Mo. 3.

EUGENE A. FISKE, for defendant in error.

Reward was offered for the *discovery,* not for the arrest and conviction of the parties concerned in the murder of Frank Chavez. Conviction is no part of the discovery.

> Louisville & Nashville R. R. v. Goodnight, 10 Bush 552.

No reward was offered for the arrest and conviction of any one. An offer of reward cannot be enlarged beyond its express terms, and whoever claims under such an offer must bring himself within the terms of the offer.

> U. S. v. Connor, 138 U. S. 65-66; 21 A. & E. E. of L. pp. 395-6-7 and Notes; Shuey v. U. S. 92 U. S. 73; Loring v. City of Boston, 48 Mass. 412.

A party who makes an arrest of a criminal is not entitled to a reward offered for information leading to the arrest; but the party giving such information is entitled to such a reward.

> Ward v. Keystone, 38 S. W. 632, 533; Rollins v. Clement, 25 S. C. 601.

The identity of the person must be established by proper proof other than the conviction.

> Borough of York v. Forscht, 23 Pa. St. 391; County of Budd, 96 Calif. 47; Burke v.

. Wells Fargo Co., 34 Calif. 60; High v. Ship-
ley, 77 Ind. 555-6; Loring v. City of Boston,
48 Mass. 412; Blaufus v. The People, 69 N. Y.
109; U. S. v. Watkins, 6 Fed. 152.

Whereas in the case at bar a contract is partly in
writing but does not name all the parties to it, and oral
evidence is required to connect one of the parties with it,
it is in law an oral contract, and not a contract in writing,
and being such an oral contract, our statute of limitations
applicable to oral contracts, and no other applies.

Railway Pass. & F. C. M. A. & B. A. v.
Loomis, 32 N. E. 424-6-7; Grafton v. Cunning-
ham, 99 U. S. 100; Wright v. Weeks, 25 N. Y.
153; Baker v. Johnson Co. 33 Ia. 141; Kinsley
v. Louise Co., 37 Iowa, 438-9; Works v. Mac-
Alaster, 40 Mich., 84-88; Etna Ins. Co. v.
Town, 31 Fed. 874-878; Wood v. Williams,
31 N. E. 681 (Ill.); Wilson v. Williams, 33
N. E. 884 (Ill.); High v. Board, 92 Ind. 581,
584-5; Hackelman v. Henry Co., 94 Ind. 36,
39, 40; Rogers v. Durant, 140 U. S. 298-303;
Plumb v. Campbell, 129 Ill. 101; Beckwith v.
Talbot, 95 U. S. 292.

No sufficient showing was made to warrant the court
in granting the application for amendment by the plain-
tiff' in error of his pleading.

Haden v. Haden, 46 Calif. 338.

Amendments must be substantial, not merely color-
able.

3 Estes, Sec. 4444, p. 261; 1 Estes, Sec.
198, p. 167.

The right to amend even after leave granted, is lim-
ited to an accurate and correct expression in legal form
of a cause of action which has theretofore been inaccurate-
ly or insufficiently expressed.

Rockwell v. Holcomb, 31 Pac. 944; Estes
P. & P. Vol. 3, Sec. 4450-a. p. 277.

A general averment of the performance of the con-
tract is not enough, but all the facts constituting such per-
formance, time and acts done to vest a right of action in

Cunningham v. Fiske.

plaintiffs must be set up, and defendants thus informed of the character of the contract charged.

> 1 Estee, P. & P. p. 242, Sec. 322, and pp. 217-219, Sec. 311; Sheeney v. Manderfield, 7 Cranch, 216-217.

Neither the conviction of the parties, nor their subsequent execution by the law, nor the state of the minds of plaintiffs in error while engaged in discovering, are facts which could properly be alleged in the pleadings in this case.

> N. M. Code, Sec. 49, 51; Estee P. & P. Vol. 1, p. 155; Estee P. & P. Vol. 1, p. 159; Estee P. & P. Vol. 3 p. 302, Sec. 4490; County v. Budd, 96 Calif. 47, (30 Pac. 968); Burk v. Wells-Fargo, 34 Calif. 60; Borough of York v. Forcht, 23 Pa. St. 391.

This proposed amended complaint also failed to state that plaintiffs below were the first discoverers, which was a necessity to enable them to state a cause of action.

> 21 Am. & Eng. Ency. of Laws, p. 399, and notes; U. S. v. Simmons, 7 Fed. 709, 711, 712; U. S. v. George, 1 Blach. 406; U. S. v. Isle de Cuba, 2 Calif. 458; Shuey v. U. S., 92 U. S. 73.

If the court below had permitted them to allege another date for their contract, or amend so as to prove another date, they would have been allowed to "substantially change their claim," and would then have been "altering the issue," contrary to our code.

> Code N. M., 82 94; Union Pac. Co. v. Wyler, 158 U. S. 285; National Bank v. Warrington, 40 Iowa, 528; Handerson v. R. R. 123 U. S. 64, 65; Fish v. Fairwell, 43 N. E. 371-2; Foste v. Standard Ins. Co. 38 Pac. 617-618; Irvine v. Pauling, 1 Kas. 418.

A party is bound by admission in pleadings on which he goes to trial, and such admissions cannot be proved or disproved, but must be accepted for what ever they amount to in legal effect.

> 16 Cyc. p. 1048-9-b, note 88.

The record shows that whatever services were ren-

dered by plaintiffs were rendered while they were respectively sheriff and under sheriff of Santa Fe county. On this point see

U. S. v. Matthews, 173 U. S. 384-385.

OPINION OF THE COURT.

ABBOTT, J.—This is an action in which the plaintiffs in error seek to recover from the defendant in error a portion of a reward which he, with others, offered through a published notice "for the discovery of all or any one of the parties concerned in the murder of Francisco Chaves, in the city of Santa Fe, on the night of May 29th, 1892." The offer was made over the names of those who joined in it, and was of the sums set against their respective names. The complaint alleged that the plaintiffs, on June 1, 1893, "discovered" certain persons, "one or all of them to have been the murderers of the said Francisco Chaves;" that on May 29, 1895, those persons were tried and convicted of said murder and were duly executed April 2, 1897. May 28, 1898, the suit in question was begun. About five years later, and about a year after the answer had been filed, which with other defences, set up the statute of limitations, the plaintiffs asked leave to so amend their complaint that it should in effect allege the discovery on or about June 1, 1893, of "evidence which led them to believe" certain persons were the murderers of said Chavez, and that said persons were on May 29, 1895, determined by verdict and judgment of court to have been such murderers. The court below refused to permit amendment as requested, and that refusal is claimed by the plaintiffs to have been an abuse of the discretionary power over amendments, which it is not denied the court had at that stage of the case.

We are unable to perceive how the refusal to allow an amendment offered at so late a day, at such a stage of the proceedings, and for the purpose stated in the motion to amend, was an abuse of discretion. Obviously, it was intended by the proposed amendment to leave it open to the plaintiffs to claim that they "discovered" the murderers of Chaves only when they were convicted, May 28, 1895, and thus carry forward the accruing of their cause

of action to a time within four years of the date when they brought suit. But the offer of the reward was not for the discovery of evidence or information which should lead to the conviction of the murderers, but for the discovery of the murderers themselves. The use of such language may have been inadvertant, or it may well have been that those who offered the reward did not wish to impose a condition so difficult of performance, as conviction often is. The language of the offer would justify the inference that they were willing upon the "discovery" of the murderers of the sheriff of the county, to assume the burden of securing their punishment in some way. At all events, a conviction was not, we think, essential to acceptance of and compliance with the terms of their offer. That the plaintiffs had "discovered" the murderers might have been proved without evidence of a conviction, and even against evidence of a failure to convict, since that might result from causes entirely independent of the fact that the actual murderers were discovered and tried. The cause of action therefore accrued when the murderers were discovered, and that time, the complaint alleges was June 1, 1893.

The plaintiffs further allege that the offer of the reward and its acceptance by their action, made it a contract in writing, so that they had the right to bring suit at any time within six years from the time when the cause of action accrued.

That proposition, we think, is not sustained by the authorities and is not sound in principle. The plaintiffs cite in support of it, Ryer v. Stockwell, 14 Cal. 134, which does adopt that view, basing its decision however, on cases which do not sustain it but only hold that the acceptance of such an offer by performance according to its terms, creates a valid contract, which unquestionably is the case. The opposite, and, as we hold, the true view of the law is well expressed by Worden, J., in Board of Commissioners of Marion County v. Shipley, 77 Ind., 553: "A contract cannot be said to be in writing * * * so as to run twenty years, unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself or from some other written instrument

referred to therein, without the aid of parol evidence to ascertain either. If parol evidence has to be resorted to in order to ascertain the parties to a contract or its terms, the reason for extending the period of limitation for twenty years fails; and though the contract be partly in writing, yet, as it rests partly in parol, the six-year period of limitations applies, as well as if the contract had rested entirely in parol."

That case, which explicitly overruled a former decision of the same court, has since been followed in that state in several cases which are referred to in Hachelman v. Board of Co. Commissioners &c., 94 Ind. p. —. See also Sulbert v. Atherton, 59 Iowa, p. 91; Loving v. City of Boston, 48 Mass. p. 412.

Judgment of the district court affirmed.

William J. Mills, C. J., Frank W. Parker, A. J., Edward A. Mann, A. J., concur.

McFie, A. J., having decided this case and Pope, A. J., having been of counsel, took no part in this decision.