HASSAN *versus* DOE.

Aiding the escape of a prisoner from jail, confined for a criminal offence, is punishable in the State prison, or jail, according to the nature of the crime for which he was imprisoned.

A reward promised by a jailer for information whereby a prisoner, who had escaped from his custody, might be recaptured, cannot be recovered by one who gave the required information, but *assisted in the escape*, and withheld this fact at the time the reward was offered.

ON EXCEPTIONS, RICE, J., presiding.

ASSUMPSIT to recover a reward for giving information where Horace Bonney, a prisoner escaped from the jail in Augusta, of which defendant was keeper, might be found.

Evidence was introduced tending to show that the plaintiff did give the information and was to be paid for the same. It also appeared that a long time before the escape of Bonney, the plaintiff was employed by one Varney and one Breed

to go to Augusta and procure the situation of turnkey at the jail, for the purpose of letting Bonney out, for which he was to be paid $300. He obtained the situation, let Bonney out of jail, but his employers refused to pay for the service.

The Court instructed the jury that if they were satisfied from the evidence, that the plaintiff, with the design and for the purpose of procuring the escape of Bonney from jail, did solicit and obtain from the defendant the employment and trust of turnkey, and while in the defendant's employment in that confidential capacity, and in pursuance of his original design and purpose, he procured the escape of Bonney, and concealed those facts from Mr. Doe, it would be such a fraud upon him as would vitiate any promise for a reward, if any such had been made by the defendant to the plaintiff, for giving information by which Bonney might be recaptured.

The verdict was for the defendant, and the plaintiff excepted.

*Lancaster & Baker,* in support of the exceptions.

The real question is, whether a *particeps criminis* can recover a reward offered for the apprehension of the perpetrators of the crime? Or whether all accomplices are by legal implication excluded? Now we suppose, that, primarily, rewards are offered to induce such to disclose what they know; they are offered to such as have important knowledge on the subject, but none can be presumed to have this knowledge except those who have in some way participated in the commission of the crime. It is to such then that rewards must be presumed to be offered. Again, if all accomplices are to be excluded, the advertisements offering rewards should except them, but they never do; would not public policy require such a construction of these contracts as would give any one the benefit of them who would give the information wanted? If a different rule is to obtain, it will be in vain to offer rewards for the apprehension of criminals in a great majority of cases.

*Vose, contra.*

TENNEY, J. — The plaintiff claims a reward, which the defendant, who was the keeper of the jail in Augusta, offered for the purpose of obtaining information, in what place one Horace Bonney, who had escaped from his custody, could be found, he having given the information sought.

Under the instructions of the Court, the jury found, that the plaintiff, with the design and for the purpose of procuring the escape of the prisoner from jail, did solicit and obtain from the defendant, the employment and trust of a turnkey therein, and while so employed, and in pursuance of his original design and purpose, did liberate the prisoner, and concealed these facts from the defendant.

The prisoner obtained his liberty by the criminal act of the plaintiff. R. S., c. 158, § 25. The policy of the law forbids that he shall be compensated for that, which his own crime has made necessary. And it equally protects the defendant from liability, when he was induced to offer the reward to the plaintiff, who had caused the escape, and had withheld this fact from the defendant, when the reward was offered. *Exceptions overruled.*

SHEPLEY, C. J., and APPLETON and CUTTING, J. J., concurred.