### ABIJAH JENKINS *vs.* ROBERT KELREN.

A man called upon a police officer, inquired if any goods had been stolen lately, and told him, if there had been, to let him know. Afterwards information was given to the same officer of goods having been stolen, and he directed that a reward should be offered, and handbills printed, and sent to him for distribution, which was done, and he carried one of them to the original informer, who gave such information that the thief was arrested and convicted, and the next morning gave up the goods. *Held,* that the informer was entitled to the reward, unless before it was offered he had the goods in his possession knowing them to be stolen, or was connected with the felony.

ACTION OF CONTRACT to recover $100, the amount of a reward offered by the defendant on the 21st of February 1856 for the recovery of eight cases of boots stolen from him.

At the trial in the superior court of Suffolk at March term 1857, the plaintiff called as a witness Luther A. Ham, who testified that on the 21st of February 1856 he was deputy chief of police in Boston; that about noon of that day the plaintiff called upon him, and inquired if he had any information of any boots or shoes having been recently stolen; to which he answered that he had not; that the plaintiff then told him, if any were reported as stolen, to let him know it, as he thought he could put him in the way of recovering the property; that between two and three o'clock in the afternoon of the same day the defendant called on him, and told him that he had had eight cases of boots stolen from him that day, and was about getting out handbills offering a reward of $100 for their recovery; that he told the defendant to send his handbills and have them distributed; that the defendant then left, and in the course of the afternoon sent the handbills in question for distribution, and the witness took one of them to the plaintiff; that the plaintiff said he thought he could get the boots and the thief, and gave such a description of the thief that he was arrested the same night and subsequently convicted; that the next morning the witness went to the plaintiff and asked him for the boots, and the plaintiff showed him the eight cases of boots, then in his possession, and the witness took possession of them and carried them to the police office, where they were delivered to the defendant; that the witness afterwards asked the defendant when he was going to pay the reward, and the defendant replied 'Never,' he did not offer it for thieves, and was going to get the plaintiff indicted.

*Abbott,* J. ruled, " that taking this testimony as all true, the plaintiff was not entitled to recover; because all that he had done towards the recovery of the property, after the offer of the reward by the defendant, was not to conceal the stolen property, which was then in his possession; that he was legally bound to do all that he did do on the application of the officer; and that any attempt to conceal the property and keep it from the pos-

session of the officer or the defendant, after he was notified that it was stolen, would have been a felony under the Rev. Sts. *c.* 126, § 20 ; and also because the plaintiff was not solely entitled to the whole reward, it appearing that the recovery of the property in question was the joint result of information given by him, and of the acts and exertions of Ham ; and that if the defendant was liable at all, the property having been recovered and restored to him by Ham, the suit must be in favor of the plaintiff and Ham jointly, or in favor of Ham alone." A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*F. W. Hurd,* for the plaintiff, cited *Pool* v. *Boston,* 5 Cush. 219 ; *Wentworth* v. *Day,* 3 Met. 354 ; *Symmes* v. *Frazier,* 6 Mass. 344 ; *Gillmore* v. *Lewis,* 12 Ohio, 285 ; *Hatch* v. *Mann,* 15 Wend. 44 ; *Smith* v. *Whildin,* 10 Barr, 39 ; *Furman* v. *Parke,* 1 Zab. 310 ; *Williams* v. *Carwardine,* 4 B. & Ad. 621, and 5 Car. & P. 566 ; *Lancaster* v. *Walsh,* 1 M. & W. 16 ; *Stilk* v *Myrick,* 2 Campb. 317.

*J. C. Park,* for the defendant.

DEWEY, J. The omission to join Ham, the police officer, as one of the plaintiffs, furnished no ground of objection to the present action. If any recovery can be had, the suit was properly brought in the name of Jenkins alone.

The case was one to be submitted to the jury under proper instructions as to the law applicable to the case. Those instructions should have been, that if the jury found that the plaintiff had the possession of the goods, knowing them to have been stolen, before the offer of the reward ; or if they found the plaintiff to have been connected with the alleged felony, either as a participator in the felonious taking, or in the concealing of the stolen goods ; he would not be entitled to recover. The court erred in disposing of the case without submitting the evidence to the jury to draw the proper inference and find as to the facts.

*Exceptions sustained.*