MEANS *et al.* v. HENDERSHOTT & BURTON.

Reward: ARREST BY PEACE OFFICERS. Where peace officers arrest a criminal for whose apprehension a reward is offered, under a warrant issued by a magistrate upon the information of a third party who actually discovered the criminal, for which the officers receive their full legal fees, and retain, of money found on the prisoner, a sum to pay their expenses in delivering him to the sheriff of the county where the crime was committed, such officers are not entitled to the reward, unless clearly included within the terms of the offer.

*Appeal from Wapello District Court.*

TUESDAY, JANUARY 28.

PLAINTIFFS claim, that, in 1860, a number of citizens of Wapello county offered a reward in writing, pledging therein the payment of $500 for the arrest of McComb, the murderer of Laura J. Harvey; "that in March, 1864, plaintiffs found the said McComb in Davenport, arrested, brought and delivered him to the sheriff of Wapello county, where the murder was perpetrated, and where he remained until tried, sentenced and executed, etc., whereby they were entitled to the reward," etc. It is further stated "that defendants, claiming to act under some pretended assignment or authority, obtained said subscription, and have collected thereon said reward, and refuse to pay the same over," etc.

The answer is in denial, and also avers that plaintiffs were, at the time of the alleged arrest, peace officers; made the same in the line of their duty, under a warrant

issued on information filed by one Cleaveland, who dis-
covered McComb, and caused his arrest and apprehen-
sion, and who was thereby entitled to said reward, and
being so entitled, transferred his right therein to defend-
ants, whereby they were entitled to receive and collect
the same, etc.

Trial to the court, judgment for defendant, and plaint-
iffs appeal.

*Stiles, Hutchison & Dixon* for the appellants.

*Hendershott & Burton* for the appellees.

WRIGHT, J. — The only point made in appellants' argu-
ment is, that, under the testimony, the judgment should
have been in their favor.

Under the proof, we are inclined to the opinion, that
plaintiffs, two of them at least, arrested McComb, as
peace officers, under a warrant issued by a magistrate on
the information filed by Cleaveland; that they were paid
their full legal fees therefor, and, in addition, retained for
their expenses, in delivering him to the sheriff of Wapello
county, fifty dollars found on the person of the prisoner;
that Cleaveland actually discovered the murderer, and
caused his arrest. And, thus believing, we hold, that,
unless the terms of the offered reward clearly included
plaintiffs, or persons acting as they were, this judgment
was right.

The record recites, that plaintiffs offered in evidence
this "subscription list or reward," but it is not embodied
in the record, nor its contents or conditions in any other
manner brought to our attention. We cannot say, that
persons acting as plaintiffs were clearly included in its
terms. Indeed, we do not know but that its terms
expressly excluded officers acting under process. We

cannot presume a state of facts to show error. Presumptions are to be indulged in support of, but not against, a judgment. If plaintiffs had no right to the reward, it matters not what the rights of Cleaveland or his assignees, the present defendants, may be.

Affirmed.