THE PEOPLE, for use of August Krug

*v.*

THOMAS A. RAINEY.

OFFICER—*taking illegal fees.* A constable not being bound by law to go out of his county to arrest one charged with crime, if he makes a special agreement with one to do so for an amount in excess of the statutory fees allowed, he is not liable to the penalty given by statute for taking illegal fees, when such sum is voluntarily paid, but it would be otherwise if he should coerce payment.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

This was a suit prosecuted for the use of August Krug, against Thomas A. Rainey, a constable of Clinton county, under section 214, p. 384, Rev. Stat. 1874, which provides that any officer authorized by law to charge fees, who shall charge, claim, demand or take any greater fee than such as is by law allowed to him for the service performed, or who shall knowingly charge a fee when no fee is allowed him by law, shall be fined for each item so charged, etc., not less than $10 nor more than $100, to be sued for and recovered for the use of the person against whom such fees are charged or from whom the same are received or collected. The suit was brought before a justice of the peace, where there was judgment for the defendant, and on appeal to the circuit court there was judgment again for the defendant. The present appeal is from this judgment of the circuit court.

The facts, essentially, are, that on the complaint of the wife of Krug, a warrant for the arrest of Ann Ward for perjury, was issued by Levi Sharp, a justice of the peace of Clinton county, in this State. Ann Ward resided in Marion county, in this State. The next day, Krug, with Rainey, a constable in Clinton county, went to Marion county. Ann Ward was there arrested by a constable of Marion county, who gave her into the custody of Rainey, and he returned her with the warrant to the office of the justice, Sharp, in Carlyle, Clinton county. The return on the warrant, signed T. A. Rainey, constable, is, "This writ is hereby executed, and defendant in court, Oct. 7, 1873. Costs, four dollars and twenty cents; expenses, thirteen dollars and fifty cents."

The docket entry in the case on the docket of the justice of the peace, shows the constable's fees to be $5.10; that the "warrant was issued and handed to constable Rainey to execute, who returned the warrant by bringing defendant into court, and cause heard, and the court discharged defendant and finds the prosecution malicious, taxed the costs to the prosecutor, dated October 7, 1873," and October 28, appears a receipt of the judgment in full, signed by the justice of the peace, and a receipt of payment in full signed by Rainey, constable.

The testimony was, that Krug promised Rainey he would pay his expenses and pay him well for his trouble if he would go with him after the person, Ann Ward; that after the trial of the case of the People against Ann Ward, Krug and Rainey met at the office of the State's attorney and there adjusted the amount to be paid Rainey for his services; that Rainey charged $15.75, being $5 a day for two days occupied in going to and returning from Marion county, and the rest, expenses actually paid out for railroad fare, hotel bills, and to the constable in Marion county. Krug paid him $5 cash, and gave him his due bill for $10.75.

Krug testifies, that Oct. 28, 1873, the justice of the peace gave him a receipt for the costs in the suit against Ann Ward,

$5.10 of the amount being expressed to be constable's costs, but does not testify that he paid the justice anything.

The State's attorney testified that he told the magistrate he could not charge the costs to Krug, and Rainey testifies that he did not get any money from the justice of the peace or Krug for the fees charged on the docket; that he signed the receipt on the docket to satisfy the judgment so there would be no judgment against Krug; that he went and did so when he and Krug settled and on the same day of the trial.

Mr. B. B. SMITH, for the appellant.

Mr. G. VAN HOOREBEKE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The defendant, being a constable of Clinton county, was not required by law to go out of his county and execute the warrant in Marion county, where the person against whom the warrant issued resided. If he was specially employed by Krug to do so, under an agreement that the latter would pay his expenses, and pay him well for his time, and in pursuance of such agreement, they mutually fixed upon what was a proper compensation, and Krug voluntarily paid the same, we do not think that such transaction, merely, would make a case of liability for the fine imposed by the statute for the charging or taking of illegal fees, although the sum should exceed the lawful fees for the like services in a case where an officer was required by law to act. But if appellee made return of his charges as official fees, and by virtue thereof coerced their payment, it might be otherwise.

And the question is, which state of case did the proof make out. Appellee's return and the docket entry of the magistrate, would seem to show the latter. But the other evidence introduced changes the apparent character of the return on the warrant and the docket entries. The evidence shows that the warrant was not handed by the justice of the peace to appellee to execute; and the latter testifies that on the same day he

made the return, after the trial, he receipted on the docket his fees as paid, in order that there should be no judgment against Krug for appellee's charges, and that he never received anything from the justice of the peace. Although Krug testifies the justice afterward gave him a receipt for these costs, he does not testify that he paid them to the justice.

As the State's attorney had informed the justice of the peace that he had no right to render a judgment for these costs against Krug, it is not improbable, considering appellee's testimony upon the subject, that the justice may have given the receipt to stand against what he may have thought the wrongful judgment he had entered, without any actual receipt of payment.

There was at least evidence tending to prove a case of an agreed compensation, under a special employment, for services which it was not the official duty of appellee to perform; and that there was no coercion, or really attempted coercion, of payment by virtue of a charge for them as official fees.

We can not say that the finding for the defendant is so manifestly contrary to the evidence as to require that in a case of this character the verdict should be set aside.

The jury seem to have been instructed by the court upon both aspects of the case, as above presented, and we find no sufficient cause of complaint, as regards instructions.

The judgment will be affirmed.

*Judgment affirmed.*

SCOTT and WALKER, J J., dissenting: It may be defendant was not bound to go beyond the limits of his county to serve the warrant in his hands, but it is conceded that, under the statute, it was lawful for him to do so. Having gone beyond the limits of his county, and arrested the party charged with crime, he could only charge the fees allowed by law. He was acting as a constable by virtue of the warrant in his hands, and he could not lawfully demand or take any compensation for his services, as an officer, other than the fees allowed by statute.