74   631
179s 150

## Loren D. Stophlet v. Daniel Hogan.

1.  PRACTICE—*Absence of Evidence, etc.*—In a trial by the court without a jury, a request to the court to hold the law under the evidence in a case to be that the plaintiff is not entitled to recover, takes the place of an instruction to find for the defendant in a case tried with a jury where there is no evidence to support a verdict for the plaintiff.

2.  OFFICERS—*Right to Take Rewards.*—Where the duties of a public officer are fixed and his compensation declared by law, he can not be allowed to contract and sell his services for higher rates than the law gives him, and the courts will not aid him in recovering extra compensation in the form of a reward for the apprehension of a criminal.

Assumpsit, for a reward. Appeal from the Circuit Court of Alexan-der County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the August term, 1897. Reversed. Opinion filed March 1, 1898.

### STATEMENT OF THE CASE.

On the night of January 6, 1896, the store building of appellant at Mound City, Pulaski county, was destroyed by an incendiary fire. The day after the fire, a number of citizens of the county, including appellant and appellee, subscribed a paper that was being circulated, offering a reward for the apprehension and conviction of the person or persons who set fire to the building, each subscriber fixing the sum he agreed to pay in severalty; appellant fixing the sum he agreed to pay at $50. The total sum subscribed was about $700, and the offer was made public.

Two or three months after the fire, one Harry Howard was arrested in Pulaski county, by Lafayette Collins, a deputy of appellee, who was the sheriff of the county. The arrest was made under and by virtue of a warrant, issued by a justice of the peace of Pulaski county, on the complaint of a Mrs. Newman, charging Howard with the crime of burglary and larceny, and Howard was committed to jail on this charge. The charge was mainly, if not entirely, for the purpose of holding Howard until the matter of burning appellant's store could be investigated, as suspicion already rested upon Howard as the guilty party. While so in jail, and at the April term of the Circuit Court of Pulaski County, 1896, Howard was indicted and at the same term was tried and convicted of the crime of arson, in setting fire to and burning appellant's building.

Appellee sent Collins, his deputy, over into Missouri, to look up and secure the attendance of witnesses at the trial of Howard and spent some time himself in tracing the whereabouts of Howard at the time of and after the fire, expending his money in his efforts to convict Howard after he was arrested. At the time of the fire and when Howard was arrested he was a resident of Pulaski county.

This suit was commenced before a justice of the peace of

Stophlet v. Hogan.

Pulaski county, on the written offer of reward of $50 signed by appellant, and judgment was rendered against appellant for that sum, and he appealed to the Circuit Court of that county. The venue of the case was changed by agreement to the Circuit Court of Alexander County, where a jury was waived, and the cause tried by the court, resulting in a judgment against appellant for $50 and costs. On the trial appellant requested the court to hold the following proposition as the law of the case:

"The defendant requests the court to hold the law of this case to be, under the evidence in this case the plaintiff is not entitled to recover, and the finding should be for the defendant."

But the court refused to so hold, and the defendant excepted, when the court rendered judgment for the plaintiff for $50 and costs, to which the defendant excepted. The defendant then entered a motion for a new trial, which was overruled by the court, and the defendant excepted, and brings the case here by appeal, and assigns several errors, the substance of all of which is, the rendition of the judgment against appellant.

LANSDEN & LEEK, attorneys for appellant.

A promise of reward for performing a duty is illegal, and without consideration. Pool v. City of Boston, 5 Cush. 219; Stotesbury v. Smith, 2 Burrow, 924. "It is against public policy to allow a man to recover a reward for doing his duty as a public officer." Davies v. Burns, 5 Allen, 352; Kick v. Merry, 23 Mo. 74; Means v. Hendershott, 24 Iowa, 78; Pilie v. City of New Orleans, 19 La. Ann. 275.

L. M. BRADLEY and W. A. WALL, attorneys for appellee.

It is not against public policy to allow officers who have rendered extra services, not required of them by law, to participate in or receive rewards offered for the apprehension and conviction of criminals. Gregg v. Pierce, 53 Barb. 387; President, etc., of City Bank v. Bangs et al., 2 Edw. Ch. N. Y. 95; Davis v. Munson, 43 Vermont, 676; Bronnenberg v. Coburn, 110 Ind. 169; Reif v. Paige, 55 Wis. 496;

Morris v. Kasling, 79 Tex. 147; Neville v. Kelly, 12 C. B. N. S. 740.

Police and other officers may recover the reward offered when the information furnished or the service performed was extra-official. 21 Am. and Eng. Ency., 400, and cases above cited.

As to acts an officer is under no obligation to perform because of his official character, he stands as do any unofficial persons, and what they may lawfully do, he may do, and contracts that they may make and enforce, he may make and enforce. Morris v. Kasling, 79 Tex. 147; Reif v. Paige, 55 Wis. 496.

Mr. Justice Bigelow delivered the opinion of the Court.

It is suggested by counsel for appellee, that the written proposition offered by appellant, and which he requested the court to hold, is insufficient, because it contains no question of law. The point is not specially urged, but we are of opinion that it presents the only matter of law which appellant could present on the evidence, which is, whether there is a total lack of evidence tending to show any liability of appellant to appellee on the offer of reward, and so it takes the same place in a trial before the court as an instruction to a jury to find for the defendant does in a case where it is claimed there is no evidence to support a verdict for the plaintiff.

The word "apprehension," as used in the offer of reward, has a well defined meaning, as much so as the word "arrest," for which it stands. From the view we take of the matter it is immaterial to inquire whether Howard was ever formally arrested for the crime of setting fire to appellant's store building or on some other charge. It is certain, however, that he did not voluntarily surrender himself for the purpose of being tried on the charge of arson, and it is further certain he was tried and convicted of that crime; hence it would seem that he must have been arrested by appellee, or some person acting under him, for the crime of which he was convicted, since he was in the custody of appellee all of the time after he was first arrested until convicted.

Stophlet v. Hogan.

The apprehension of the person who committed the crime was the primary object for which the reward was offered; the conviction was the evidence that the right person had been apprehended, and the award can not be apportioned. Pool v. The City of Boston, 5 Cushing, 219.   Whether appellee is entitled to the reward for apprehending Howard depends upon what his duties are as an officer of the law. Section 1 of Division 6 of the Criminal Code of this State is as follows: " When the fact that a felony has been committed shall come to the knowledge of any sheriff, coroner or constable, fresh pursuit shall be forthwith made after every person guilty thereof, by such sheriff, coroner, constable and all other persons who shall be by any of them commanded or summoned for that purpose; every such officer who shall not do his duty in the premises shall be punished by fine, in a sum not exceeding $100, or imprisonment not exceeding three months."   Section 2 provides : " It shall be the duty of every sheriff,   *   *   *   without delay, to serve and execute all warrants, writs, precepts and other process, to him lawfully directed."   Section 15 of Chapter 125 of the Revised Statutes, entitled " Sheriffs," is as follows :   " Sheriffs shall serve and execute, within their respective counties, and return all writs, warrants, process, orders and decrees of every description that may be legally directed and delivered to them."   The law provides a scale of fees which sheriffs are authorized to charge in the discharge of their official duties, and the Constitution provides that for his services he shall be paid a salary, to be fixed by the county board.   It is provided by Section 213 of the Criminal Code as follows:   " If any officer authorized by law to charge or receive fees, salary or pay, shall charge, claim, demand or take any greater fee, salary or pay than such as is by law allowed to him for the service performed,   *   *   *   he shall, on conviction under this section, for the first offense, be fined in any sum not less than $25 nor more than $200; and upon conviction for a second or any subsequent offense under this section, he shall forfeit his office and shall be confined in the county jail not less than thirty days nor more than one year."

What was it that appellee brought this suit for, if it was not " pay " for arresting Howard?   Let him tell it himself.

Question: Do you recollect the burning of the store building belonging to the defendant, Mr. Stophlet?

Answer: Yes, sir; it was in January, 1896.

Question: I will get you to state, Mr. Hogan, if there was any reward offered for the apprehension of the party or parties that burned that building?

Answer: Yes, sir; I saw a reward.

Question: Now, state whether or not you did anything toward the apprehension or the conviction of any one in pursuance of the offering of this reward?

Answer: Yes, sir; after a considerable effort on my part, I caused the arrest of this Harry Howard.

This case must stand or fall upon a correct answer to the question: Can an officer of the law whose duty it is to make an arrest and whose fees for the service are fixed by law, and who becomes a criminal by exacting more for his services than the law allows, recover on an offer of reward for making the arrest?

The question, as it seems to us, suggests its own answer. Courts can not be used to assist persons to do unlawful acts.

When the duties of a public officer are fixed, and his compensation declared by law, he can not be allowed to contract and sell his services for higher rates than the law gives him, and certainly, he can not have the aid of the courts to recover the extra compensation.

We know there are authorities that hold the contrary, where the services could be classed as "extra official," but they are few.   The case of President, etc., of City Bank v. Bangs et al., 2 Edw. Ch. (N. Y.) 95, cited by counsel for appellee as one of them, is really not, as the vice-chancellor in that case really decided nothing as to the claim of the officers to a part of the fund, but said, if they had any claim "as upon a *quantum meruit*" it should be made against Bangs, to whom the entire fund paid into court was awarded.   But that case was decided by the vice-chancellor of New York, when the decision in Hatch v. Mann, 9 Wend.

262, decided by the Supreme Court of that State, was sup-
posed to be the law, but which was afterward reversed by
the Court of Errors (the highest judicial tribunal in the
State), in language that is certainly forceful.   Hatch v.
Mann, 15 Wend. 44.

In the Matter of Russell, 51 Conn. 577 (50 Am. Rep. 55),
the Supreme Court of Connecticut, after stating that
anciently, an officer who took a reward which had been
voluntarily given him for his services, and which had been
usual in certain cases for the expeditious performance of his
duty, was not considered guilty of extortion, says: "And it
is now well settled that a public officer whose compensation
is fixed, or whose fees are prescribed by law, can not legally
contract for or demand a larger compensation or higher fees,
in the form of a reward or in any other form, for services
rendered in the line or scope of his official duties.   Bridge
v. Cage, 2 Croke, 103; Stotesbury v. Smith, 2 Burr. 924, 1
W. Blackstone, 204; Callagan v. Hallett, 1 Caines, 104;
Weaver v. Whitney, Hopk. Ch. 13; Hatch v. Mann, 15 Wend.
44; Smith v. Whildin, 10 Penn. St. 39; Gilmore v. Lewis, 12
Ohio, 281; Stamper v. Temple, 6 Humph. 113; Pool v. City
of Boston, 5 Cush. 219; Means v. Hendershott, 24 Iowa, 78;
Morrell v. Quarles, 35 Ala. 544; Brown v. Godfrey, 33 Vt.
120; Davies v. Burns, 5 Allen, 349."

That case was a stronger one for the parties claiming the
reward than this case is, as the services there, for which the
reward was claimed, were rendered by the officers while off
duty.   But it is unnecessary to extend this opinion further.

We hold that appellee, in arresting Howard, did no more
than his legal duty, and that the promise of reward of
appellant was without consideration and void as to appel-
lee, and no recovery can be had on it.

The judgment of the Circuit Court is reversed.