## BOYD *v*. BRAZIL BLOCK COAL COMPANY.

[No. 18,556.   Filed March 11, 1898.]

SUPREME COURT.—*Jurisdiction.*—*Cause Will Not be Transferred from Appellate to Supreme Court at Instance of an Amicus Curiae.* —The question of the constitutionality of a statute is not "duly presented" within the meaning of section 1336 Burns 1894, so as to give jurisdiction to the Supreme Court and require a cause to be transferred from the Appellate Court, where the question of constitutionality is not raised except in a brief on appeal filed by an *amicus curiae.*

From the Clay Circuit Court.   *Transferred to the Appellate Court.*

*S. D. Coffey* and *Albert Payne*, for appellant.

*Geo. A. Knight*, for appellee.

HOWARD, C. J.—This is an action for damages for the death of appellant's intestate.   The damages claimed are $3,000, and the jurisdiction is in the Appellate Court, unless the constitutionality of a statute "is in question and such question is duly presented."   Section 1336 Burns 1894, Acts 1893 p. 29.   No question as to the constitutionality of the statute referred to (section 7473 Burns 1894) is presented by any pleading, either in the trial court or on the appeal.   Neither is it raised in the briefs of counsel, either for the appellant or for the appellee.   Mr. Lucius C. Embree, as *amicus curiae*, has, however, filed a brief in the cause, giving as a reason for his appearance that a question involved in this appeal had been raised in a case in the Gibson Circuit Court, and in the brief so filed he argues that the statute cited is unconstitutional.   We do not think a question "is duly presented" when so raised in the brief of an *amicus curiae*.   In the trial court the *amicus curiae* could not have excepted to the ruling of the court. *Campbell* v. *Swasey*, 12 Ind. 70; *Hust* v. *Conn*, 12 Ind. 257; *Knight* v. *Low*, 15 Ind. 374.   In this court he could not file a petition for a

rehearing. *Parker* v. *State*, 133 Ind. 178. Still less could he, by the mere filing of a brief, raise an issue not raised by the parties themselves. An *amicus curiae* is heard only by leave, and for the assistance of the court in matters presented by the parties to the action. He has no control of a case, whether on trial or on appeal, and has no right to institute any proceedings therein, or to cause the case to be brought from one court to another. 2 Enc. Pl. & Prac., 758, 759. See, also, *City of Charleston* v. *Cadle*, 167 Ill. 647, 49 N. E. 192, and *Nauer* v. *Thomas*, 13 Allen, 572. The constitutionality of the statute in question not being duly presented, the jurisdiction of this appeal is in the Appellate Court; nor can the question be hereafter raised in the case, so as to give jurisdiction to this court. *Lewis* v. *Albertson, post,* 693. Transferred to Appellate Court.