FRANK D. MILLER ET AL. V. RICHARD HOGEBOOM.

FILED OCTOBER 20, 1898. NO. 8346.

1. **Justice of the Peace: SEARCH-WARRANT.** A justice of the peace is invested with jurisdiction to specially depute a proper person to execute a search-warrant. SULLIVAN, J., dissenting.

2. **Reward: BY WHOM RECOVERABLE: OFFICERS.** A ministerial officer who, in the performance of his duties as such, recovers and returns to its owner stolen property is not entitled to recover a reward offered by the owner for such recovery and return.

3. **Judgment Against Sureties on Appeal Bond.** Upon the rendition of a judgment against an appellant in the district court that court has not such jurisdiction of the person of the surety in the appeal undertaking that it may render the same judgment against him that it may against the appellant. *Selby v. McQuillan,* 45 Neb. 512, followed.

ERROR from the district court of Sarpy county. Tried below before AMBROSE, J. *Affirmed.*

*Hoover & Nickerson,* for plaintiffs in error:

An officer relying upon an offer of reward may be entitled to it when making an arrest under circumstances which do not require him to make the arrest as an official duty. (*Hayden v. Souger,* 56 Ind. 42; *Davis v. Munson,* 43 Vt. 676; *Kasling v. Morris,* 71 Tex. 584.)

*John P. Breen, contra.*

RAGAN, C.

In the county court of Sarpy county Richard Hogeboom sued Frank D. Miller. Hogeboom had judgment, and Miller appealed to the district court of said county, Upjohn and Catherine Miller becoming the sureties on his appeal bond. In the district court Hogeboom alleged in his petition that being the owner of a pocketbook containing some $395 in money and some papers of little value he lost the same; that the said pocketbook and contents were found by a man named James Sullivan, who resided at Hogeboom's house; that Sullivan concealed the fact of his having found said pocketbook and contents with the intention of stealing the same; that Sullivan then informed Frank D. Miller of the finding of said pocketbook and contents, and the latter, with the intent of stealing the same, induced Sullivan to transfer the pocketbook and its contents to him, Miller, knowing at the time that they belonged to the plaintiff; and that he had refused to deliver said pocketbook and the contents thereof to plaintiff on demand, but had converted the same to his own use. In answer to this petition Miller alleged that after Hogeboom lost his pocketbook he offered a reward of $200 in money to any one who would find and return him the pocketbook and its contents; that the offering of this reward coming to his knowledge, he found the pocketbook and its contents, retained $200 of the money therein in payment of the reward, and offered and returned the pocketbook and the remainder of its contents to the plaintiff. In reply to this answer Hogeboom denied the offer of reward and alleged that a justice of the peace of said county duly issued a search-warrant for said pocketbook and its contents, and the arrest of the said James Sullivan, and duly deputized and appointed and authorized Miller to serve such search-warrant; that he accepted the appointment, and while acting as such deputized officer arrested Sullivan and took possession of the pocketbook and its

contents by virtue of said search-warrant. At the close of the evidence the court instructed the jury to return a verdict in favor of Hogeboom and against Frank D. Miller for the $200 taken by him from the pocketbook and retained. This being done the court entered a judgment against Miller and Upjohn and Catherine Miller, the sureties on Frank D. Miller's appeal bond, for the amount of the verdict. The three parties have filed here a joint petition in error for a review of this judgment.

1. There was some evidence adduced on the trial which tended to show that Hogeboom offered a reward of $200 to any one who would find and return to him the lost pocketbook and its contents, and the evidence is undisputed that Frank D. Miller came into possession of the pocketbook and its contents by virtue of the search-warrant issued by the justice of the peace and which Miller was duly authorized by him to execute. If Frank D. Miller could lawfully claim the reward, if one was offered, then the judgment of the district court must be reversed, because there was a conflict in the evidence as to whether a reward had been offered, and that issue should have been submitted to the jury for its determination.

2. The record presents three questions, the first of which is, has a justice of the peace any authority to deputize one to serve a search-warrant? Section 1094 of the Code of Civil Procedure authorizes a justice of the peace to specially depute any discreet person of suitable age and not interested in the action to serve a summons or execution with or without an order to arrest the defendant or to attach property; but no express provision of statute exists conferring authority upon a justice of the peace to depute any person to execute a criminal process. At common law, however, a justice of the peace had no civil jurisdiction. (1 Blackstone, Commentaries 350.) And at common law a justice of the peace had authority to depute a person to serve a search-warrant. (4 Blackstone, Commentaries 291; *Rex*

*v. Kendal,* 1 Ld. Raym. [Eng.] 66.)    It would seem that the very object of the legislature in enacting section 1094 of the Code of Civil Procedure was to confer upon a justice of the peace authority to deputize some private person to serve a civil process, because in the absence of such a statute the justice of the peace would not have had such authority.    It seems also that no express provision of statute was necessary to authorize a justice of the peace to deputize a private person to execute a search-warrant, as the justice was by the common law invested with that authority.    This seems to be the principle upon which the supreme courts of Connecticut and Wisconsin sustained the appointment of a private person by a justice of the peace to serve a search-warrant. (*Kelscy v. Parmelee,* 15 Conn. 260; *Meek v. Pierce,* 19 Wis. 318.)    We conclude, therefore, that a justice of the peace may specially depute a proper person to execute a search-warrant.

3. A second question is whether one who recovers stolen property on a search-warrant which he has been specially deputed to execute is entitled to recover from the owner of the property a reward offered by him for its return.    The doctrine of the courts seems to be that ministerial officers who recover and return to its owner stolen property are entitled to the reward offered therefor if the service performd by them was extra official; in other words, that a ministerial officer who, in the performance of his duties as such, recovers and returns to its owner stolen property is not entitled to recover a reward offered by the owner for such recovery and return.    (*Means v. Hendershott,* 24 Ia. 78; *Warner v. Grace,* 14 Minn. 364; *Hatch v. Mann,* 15 Wend. [N. Y.] 45; *People v. Raincy,* 89 Ill. 34.)    It cannot be doubted, we think, that when a justice of the peace appoints some certain person to execute a search-warrant, that that person is thereby invested with all the authority of a constable or sheriff in the premises.    In the case at bar Miller accepted the appointment made by the justice, and he

came into possession of the stolen property by virtue
of the criminal process, and therefore the services which
he performed in recovering the stolen property were per-
formed in his official capacity, and he was therefore not
entitled to claim the reward offered by the owner of the
property for its recovery and return. The court there-
fore did not err in directing the jury to return a verdict
against Miller.

4. But what authority had the district court to ren-
der a judgment against Upjohn and Catherine Miller,
the sureties on Miller's appeal bond? They were not
parties to this suit. They did not appear in the action,
and we think the district court was without jurisdiction
over them. (*Selby v. McQuillan*, 45 Neb. 512.) But these
parties have united with Frank D. Miller in the petition
in error filed here; and since the petition in error, being
joint, cannot be sustained as to Miller, it cannot be sus-
tained as to the sureties or. either of them. (*Small v.
Sandall*, 45 Neb. 306; *Harold v. Moline, Milburn & Stoddard
Co.*, 45 Neb. 618.)

JUDGMENT AFFIRMED.

SULLIVAN, J., dissenting.

No principle of public policy forbade the defendant to
claim and receive the reward. He was not an officer,
nor charged with any duty in relation to the enforce-
ment of the criminal laws. His appointment by the jus-
tice to execute the search-warrant was unauthorized and
void. A justice of the peace in this state possesses
neither statutory nor common law authority to direct
criminal process to private persons. The fact that Miller
assumed to act under the writ, would not, in this case,
estop him from asserting that he did not act in an official
capacity, nor bring him within the reason of the rule
which denies to public officers a reward for performing
the duties imposed upon them by law. The judgment of
the district court is erroneous and should be reversed.